## The Detroit, Hillsdale & Indiana R. R. Co. vs. Henry Younghans.

Service of garnishee summons issued by a Justice of the Peace against a corporation, must be served on a general agent or principal officer of the company, and service on a local agent, merely, will not give the Court jurisdiction.

*Washtenaw Circuit, February,* 1871.

The defendant in error commenced suit before a Justice of the Peace against A, in an action upon contract, and took out garnishee summons in due form against the plaintiff in error, who, it was claimed was a debtor of the said A, which was served on a local or station agent of the plaintiff in error at Manchester, and not otherwise ; and after judgment against the principal defendant, the Justice rendered judgment in favor of the plaintiff in that suit, (the defendant in error,) against the plaintiff in error, for the full amount of such indebtedness, the defendant in error not appearing before the Justice except to object to the sufficiency of service.

The plaintiff in error brings the case into this Court by *certiorari*, and assigns for error amongst other things, that the Justice erred in rendering such judgment, as he acquired no jurisdiction over the plaintiff in error by service of process in the manner stated.

BEEBE vs. BEEBE.

*Edwin F. Uhl,* for plaintiff in error, referred to the Laws of 1861, page 242, Sec. 25.

*G. R. Palmer,* for defendant in error.

*By the Court,* HIGBY, J.—The statute referred to by counsel for plaintiff in error, provides that corporations, other than municipal, may be proceeded against as garnishees, and that " the summons against the garnishee in such case may be served on the President, Cashier, Secretary, Treasurer, General Agent, Superintendent, or other principal officer of such corporation."

It appears the plaintiff in error, a railroad corporation, owned and was operating a railroad running from Ypsilanti, in the county of Washtenaw, to Hillsdale in the county of Hillsdale, in this State, passing through the village of Manchester, in Washtenaw County, having there a station for the reception and delivery of passengers, and that the person on whom the garnishee summous was served, was a local or station agent of said plaintiff in error at that point, having no authority except the care and oversight of its local business there.

*Held,* That the service was not such as to give the Justice jurisdiction—that process could only be served on one of the officers expressly named, or other principal officer of the corporation, and that a station agent whose authority was confined to the business of the company at a single station on the road, was not a principal officer within the meaning of said act.

Judgment reversed with costs.